**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LEADINGAGE MINNESOTA, CARE PROVIDERS OF MINNESOTA, and YONA NORTHSTAR LLC, | Court File No. 0:26-cv-01816-NEB-DJF |
| Plaintiffs, | |
| v. | |
| NICOLE BLISSENBACH, in her official capacity as the Commissioner of the Minnesota Department of Labor and Industry and as a member of the Minnesota Nursing Home Workforce Standards Board, and JAMIE GULLEY, in his official capacity as a member and chairperson of the Minnesota Nursing Home Workforce Standards Board, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF SEIU HEALTHCARE MINNESOTA AND IOWA'S MOTION FOR LEAVE TO FILE A REPLY BRIEF AND TO PARTICIPATE IN ORAL ARGUMENT

**INTRODUCTION**

Intervenor Service Employees International Union Healthcare Minnesota and Iowa ("SEIU Minnesota") respectfully seeks confirmation that SEIU Minnesota may (1) file a reply brief of no more than 6,000 words in support of State Defendants' motion to dismiss and (2) participate in the oral argument regarding Plaintiffs' motion for a preliminary injunction and State Defendants' motion to dismiss scheduled for May 15, 2026. With respect to the oral argument, SEIU Minnesota further requests that the Court grant SEIU Minnesota fifteen (15) minutes of argument time separate from and in addition to the State Defendants' oral argument time.

As an intervenor as of right, SEIU Minnesota is a full party with equal participation rights in the case. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996) ("'an intervenor participates on an equal footing with the original parties to a suit'") (quoting *Bldg. & Const. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)); *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996) ("An intervenor acquires the rights of a party."); Dkt. 54 (granting intervention as of right). Those rights include participating in briefing and argument. Additionally, SEIU Minnesota's participation will assist the Court in deciding the issues raised in the motion to dismiss and motion for preliminary injunction. SEIU Minnesota therefore respectfully requests that the Court grant this motion.

State Defendants do not oppose SEIU Minnesota filing a reply brief and do not oppose SEIU Minnesota participating in the May 15, 2026 oral argument for 15 minutes of time that is separate from State Defendants' time. State Defendants also do not object to Plaintiffs being provided a corresponding additional 15 minutes of argument time to respond.

Plaintiffs oppose SEIU Minnesota's request to file a reply brief. Plaintiffs would not object to SEIU Minnesota's participation in the oral argument if SEIU Minnesota and State Defendants split the existing oral argument time, but Plaintiffs oppose an additional block of argument time for SEIU Minnesota being added.

## ARGUMENT

### A. SEIU Minnesota's Short Reply Brief Will Assist The Court.

Before SEIU Minnesota joined the case, State Defendants and Plaintiffs negotiated, and the Court approved, an expedited motion to dismiss and preliminary injunction schedule. Dkt. 26, 28. In an effort not to disrupt the schedule, and in consideration of Plaintiffs' assertions of the need for expedited briefing, SEIU Minnesota did not file its own motion for judgment on the pleadings, but rather sought and obtained court permission to file a consolidated brief that both opposed the preliminary injunction and supported State Defendants' motion to dismiss. Dkt. 51, 55.

Plaintiffs' response brief addresses SEIU Minnesota's motion to dismiss arguments at length. *See, e.g.*, Dkt. 60 at 3, 9, 16, 21-27, 29, 20-31, 33-34, 36-37, 39-41, 47-64. SEIU Minnesota therefore seeks leave to file a short reply, which will be limited to addressing the issues raised in the motion to dismiss, in order to assist the Court in understanding and deciding those issues. Replies in support of motions to dismiss are generally allowed as a matter of course. Moreover, although the other parties negotiated increased word limits—Plaintiffs' two briefs span almost 27,000 words, *see* Dkt. 60-1, 26, 28—SEIU Minnesota has kept its briefing in this matter succinct. SEIU Minnesota seeks to file only a 6,000 word reply brief, in addition to its prior combined brief of less than 12,000 words. Dkt. 56-1. SEIU Minnesota is also prepared to file its reply brief on May 8, the same day the State Defendants' reply is due. Dkt. 26, 28. Because SEIU Minnesota should be permitted to

participate on equal footing with the original parties to a suit, and because SEIU's proposed targeted brief will be useful to the Court in ruling on the issues before it, SEIU Minnesota respectfully requests leave to file a reply brief.

**B. SEIU Minnesota's Participation In Oral Argument Will Assist The Court.**

As a defendant-intervenor who submitted briefing on the motion for preliminary injunction and motion to dismiss, and whose members are directly affected by those motions, SEIU Minnesota should be permitted to participate in the oral argument on those motions. At the hearing, SEIU Minnesota can answer any questions the Court has about the arguments in its brief and can further elucidate on those arguments. SEIU Minnesota therefore respectfully requests that the Court confirm it may participate in the oral argument on May 15, 2026.

The other parties do not oppose SEIU Minnesota's participation in the oral argument *per se*, but a dispute has arisen over timing. Plaintiffs believe SEIU Minnesota should share time with State Defendants, and State Defendants would prefer not to share time. SEIU Minnesota understands from the Court's standing procedures that each side is ordinarily allocated 30 minutes to argue, although that amount may increase if multiple motions are argued.[1] Because two lengthy motions are being argued on May 15, SEIU Minnesota respectfully requests that the Court allow SEIU Minnesota 15 minutes of time to argue that is separate from and in addition to the State Defendants' argument time. SEIU Minnesota and State Defendants do not object to Plaintiffs being provided a corresponding additional 15 minutes of argument time to respond, as a matter of equity.

---

[1] *See* Judge Nancy E. Brasel, Practice Pointers and Preferences, https://www.mnd. uscourts.gov/sites/mnd/files/NEB.pdf (last visited April 28, 2026).

**CONCLUSION**

For the foregoing reasons, SEIU Minnesota's motion for leave to file a reply brief and participate in oral argument should be granted.

Dated: April 29, 2026

Respectfully submitted,

*/s/ Corinne F. Johnson*
Scott A Kronland (CA Bar #171693)*
Stacey M. Leyton (CA Bar #203827)*
Barbara J. Chisholm (CA Bar #224656)*
Corinne F. Johnson (CA Bar #287385)*
Katherine G. Bass (CA Bar #344748)*
Altshuler Berzon LLP
177 Post St., Ste. 300
San Francisco, CA 94108
(415) 421-7151
skronland@altshulerberzon.com
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
cjohnson@altshulerberzon.com
kbass@altshulerberzon.com

*Admitted pro hac vice*

Justin D. Cummins (MN Bar #276248)
Cummins & Cummins, LLP
920 Second Avenue South, Suite 1245
Minneapolis, MN 55402
(612) 465-0108
justin@cummins-law.com

***Attorneys For Intervenor SEIU Minnesota***