UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LEADINGAGE MINNESOTA, CARE PROVIDERS OF MINNESOTA, and YONA NORTHSTAR LLC,

Plaintiffs,

v.

KATE PERUSHEK[1], *in her official capacity as the Commissioner of the Minnesota Department of Labor and Industry and as a member of the Minnesota Nursing Home Workforce Standards Board*, and JAMIE GULLEY, *in his official capacity as a member and chairperson of the Minnesota Nursing Home Workforce Standards Board*,

Defendants,

SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE MINNESOTA AND IOWA,

Intervenor-Defendant.

Court File No. 0:26-cv-01816-NEB-DJF

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

[1] Under FED. R. CIV. P. 25(d), Kate Perushek is automatically substituted in as Commissioner of the Minnesota Department of Labor and Industry and member of the Minnesota Nursing Home Workforce Standards Board.

Plaintiffs LeadingAge Minnesota ("LeadingAge"), Care Providers of Minnesota ("Care Providers"), and Yona Northstar LLC ("Yona," who with LeadingAge and Care Providers are collectively, "Plaintiffs") respectfully move under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered following the Court's dismissal of this action and denial of Plaintiffs' Motion for a Preliminary Injunction as moot.

This motion is based on newly discovered evidence: the Centers for Medicare & Medicaid Services ("CMS") approved the reimbursement rate increases necessary for the Wage Standards to take effect, and that approval was made public only one business day before the Court issued its ruling on Plaintiffs' Motion for a Preliminary Injunction and Defendants' Cross-motion to Dismiss. That timing is dispositive. Throughout the briefing period, the Wage Standards had not yet taken effect, because they become operative only thirty days after CMS approves the corresponding increase to the reimbursement rate paid to nursing homes. Minn. R. 5200.2070, subp. 3. When Plaintiffs earlier briefed their Motion for a Preliminary Injunction, they advised the Court that CMS had not yet issued that approval as of the filing of this action. The harms Plaintiffs identified were framed as imminent and threatened.

With CMS's approval of the Wage Standards on August 11, 2026, those harms are no longer threatened. The Wage Standards took effect on September 10, 2026. The association members of LeadingAge and Care Providers and Yona must now pay the mandated minimum wages. Many of the impending harms detailed in the declarations earlier submitted to the Court have now materialized.

CMS's approval bears directly on the irreparable harm analysis and on the balance of equities, and it did not exist during the briefing period or when the Court heard oral argument on May 15, 2026. No amount of diligence could have allowed Plaintiffs to present evidence of a federal agency action that had not yet occurred. What's more, evidence of the approval is needed to present a full and accurate record to the Eighth Circuit on appeal. The Court should thus grant Plaintiffs' Motion under Rule 59(e).

## FACTUAL BACKGROUND

Plaintiffs filed their Complaint on March 11, 2026. (ECF No. 9.) To support their Motion for a Preliminary Injunction, LeadingAge and Care Providers filed a series of Declarations outlining the irreparable harm that the Wage Standards would inflict on their respective association members; Yona filed its own Declaration explaining the irreparable harm that it would suffer. (ECF No. 9-2, Decl. of Emily Benham; ECF No. 9-3, Decl. of Daniel Hill; ECF

No. 9-4, Decl. of Fred Struzyk; ECF No. 9-5, Decl. of Kimber Wraalstad; ECF No. 22, Decl. of Jerry Carley.)

Defendants filed their Cross-motion to Dismiss on April 9, 2026. (ECF No. 32.) The Parties submitted briefs and replies on both motions throughout April and May, with final briefing complete on May 8, 2026. (ECF Nos. 71–72.)

After the Court granted Service Employees International Union Healthcare Minnesota and Iowa ("SEIU") leave to intervene on April 14, 2026 (ECF No. 59), SEIU submitted its own briefing where it repeatedly characterized Plaintiffs' irreparable harm as "speculative" because the Wage Standards, at that point, had not taken effect. (ECF No. 56, at 2, 36, and 38) (citations are to the brief's internal pagination).

On May 15, 2026, the Court heard oral argument from all parties. (ECF No. 74.) At the time of oral argument, CMS had not yet approved the Wage Standards.

Then on August 11, 2026, CMS approved the reimbursement rate increases necessary for the Wage Standards to take effect. The State of Minnesota then published a formal announcement on its website that its state plan was amended to reflect CMS's approval on August 14, 2026. (Pham Decl. Ex. A *and* Ex. B, at 1–2.) The very next business day this Court issued its decision granting Defendants' Motion to Dismiss and denying Plaintiffs'

Motion for a Preliminary Injunction as moot. (ECF No. 75.) The Court then entered judgment on August 18, 2026. (ECF No. 76.)

**LEGAL STANDARD**

Rule 59(e) permits a district court to alter or amend a judgment where necessary to correct manifest errors of law or fact or to consider newly discovered evidence. The Eighth Circuit has explained that "Rule 59(e) motions serve the limited function of correcting '"manifest errors of law or fact or to present newly discovered evidence."' *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

The Eighth Circuit recognizes that Rule 59(e) relief is appropriate where evidence becomes meaningfully available only after entry of judgment and could not have been presented earlier through reasonable diligence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). At the same time, Rule 59(e) may not be used to present evidence that could have been submitted prior to judgment. *Innovative Home Health Care*, 141 F.3d at 1286. Accordingly, this Court considers: (a) whether the evidence became available after entry of judgment; (b) whether the movant exercised reasonable diligence; (c) whether the evidence is material rather than cumulative; and

(d) whether the evidence would likely alter the outcome. *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015–16 (8th Cir. 2012) (citing *Callanan v. Runyun*, 75 F.3d 1293, 1297 (8th Cir. 1996)). Plaintiffs submit that the evidence they seek to admit by way of this motion meets these standards.

## ARGUMENT

### I. AMENDMENT OF THE JUDGMENT IS NECESSARY TO PLACE ALL RELEVANT ARGUMENTS AND FACTS IN THE RECORD FOR ANY POTENTIAL APPEAL.

Because the Court denied Plaintiffs' Motion for a Preliminary Injunction as moot, the Court did not reach the *Dataphase* factors, and there is no district court ruling on irreparable harm or the balance of equities. (*See generally* ECF No. 75.) The Eighth Circuit sits as a court of review, and it does not decide in the first instance questions on which the district court has not passed on for review. *Lynch v. Nat'l Prescription Adm'rs, Inc.*, 787 F.3d 868, 874 (8th Cir. 2015) ("Generally, 'a federal appellate court does not consider an issue not passed upon below.'") (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Rule 59(e) is the appropriate vehicle for closing that gap, permitting this Court to consider and pass on whether the now *effective* Wage Standards bolster Plaintiffs' showing of irreparable harm. By seeking amendment of the judgment, Plaintiffs preserve their objections, create a complete record for

review, and avoid any argument on appeal that potentially dispositive issues were not adequately raised and passed on.

Moreover, amendment is warranted because the Court of Appeals' review of the grant of the motion to dismiss and denial of a preliminary injunction will necessarily be confined to the record and arguments preserved in the district court. If the Court declines to consider newly discovered evidence, intervening developments, or clear legal errors through the Rule 59(e) process, the appellate court may lack a fully developed record on issues central to the injunction analysis, particularly irreparable harm, balance of equities, and likelihood of success on the merits. Granting this Rule 59(e) motion therefore promotes judicial efficiency and fairness by allowing the district court to correct any errors in the first instance and ensuring that any subsequent appellate review proceeds on the basis of the most complete and accurate record possible.

## II. PLAINTIFFS' EVIDENCE MEETS THE STANDARD TO AMEND THE JUDGMENT UNDER RULE 59(e).

### a. The Evidence Upon Which Plaintiffs Rely Is Newly Discovered Within the Meaning of Rule 59(e).

The evidence Plaintiffs submit with their Rule 59(e) Motion did not exist during the briefing period or at oral argument; Plaintiffs seek to amend the judgment by offering evidence that only came into existence and was knowable

to Plaintiffs long after those dates, which further bolsters their showing of irreparable harm.[2]

Specifically, when Plaintiffs briefed their Motion for a Preliminary Injunction, the State of Minnesota had merely *proposed* Wage Standards setting the minimum wage for general "nursing home workers," licensed practical nurses, certified nursing assistants, and trained medication aides. These proposed standards would not become effective unless and until they were approved by CMS. Minn. R. 5200.2070, subp. 3.

It was only on Friday, August 14, 2026, that the State of Minnesota announced that CMS had approved the reimbursement increases necessary for the Wage Standards to take effect. (Pham Decl. Ex. B.)

The *very next business day*, Monday, August 17, 2026, this Court issued its Order on both Plaintiffs' and Defendants' motions; judgment was then entered in favor of Defendants on August 18, 2026. (ECF Nos. 75–76.) The Wage Standards went into effect on September 10, 2026. (Pham Decl. Ex. B, at 1.)

---

[2] Specifically, all briefing in the case was completed by May 8, 2026. (ECF Nos. 71–72.) This Court held oral argument on Plaintiffs' Motion for a Preliminary Injunction and Defendants' Motion to Dismiss on May 15, 2026. (ECF No. 74.)

The Wage Standards, now finalized, will impose direct and irreparable harm on Plaintiffs and their respective association members. (ECF No. 9-2, Decl. of Emily Benham; ECF No. 9-3, Decl. of Daniel Hill; ECF No. 9-4, Decl. of Fred Struzyk; ECF No. 9-5, Decl. of Kimber Wraalstad; ECF No. 22, Decl. of Jerry Carley.) The Wage Standards only became final long after briefing closed and one business day before the Court issued its decision. Plaintiffs could not have presented evidence of the Wage Standards going into effect earlier through any exercise of reasonable diligence. This is not a situation in which evidence was overlooked, strategically withheld, or belatedly developed. Rather, the evidence became available only immediately prior to judgment and therefore falls squarely within Rule 59(e)'s newly discovered evidence rationale.

**b. No Amount of Reasonable Diligence Could Have Produced the Evidence Before Judgment.**

The principal limitation on Rule 59(e) relief is that parties may not use post-judgment motions to introduce evidence that was previously available. That concern does not apply here. The evidence at issue was not merely undiscovered. It was nonexistent. Because the operative events arose very shortly prior to judgment, Plaintiffs could not have produced this evidence any earlier. Accordingly, granting relief would not undermine Rule 59(e)'s limitation against relitigating previously available facts. Instead, it would

serve the precise purpose identified by the Eighth Circuit: allowing the Court to consider genuinely newly discovered evidence bearing directly on the correctness of its judgment. *Innovative Home Health Care*, 141 F.3d at 1286.

The newly submitted evidence fundamentally bolsters the irreparable-harm analysis. Where the prior record reflected anticipated injury, the present record demonstrates concrete and ongoing economic harm. The evidence confirms that the injuries Plaintiffs identified were neither speculative nor hypothetical. Rule 59(e) therefore provides an appropriate mechanism for altering or amending the judgment.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Grant Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment;

2. Reopen the record to consider the newly discovered evidence discussed herein;

3. Alter or amend the judgment (ECF No. 76) to, at the very least, receive the exhibits attached to the Pham Declaration into the record; and

4. Enter appropriate injunctive relief or, alternatively, conduct such further proceedings as the Court deems just and proper.

Dated: September 14, 2026

*/s/ Lehoan T. Pham*

Thomas R. Revnew, MN Bar No. 0295620
Lehoan T. Pham, MN Bar No. 0397635
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South Eighth Street
Minneapolis, MN 55401
612.630.1000
trevnew@littler.com
hpham@littler.com

Alex T. MacDonald, DC Bar No. 1630689
(*Admitted pro hac vice*)
amacdonald@littler.com
LITTLER MENDELSON, P.C.
Workplace Policy Institute
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Telephone: 202.772.2505

***Attorneys for Plaintiffs***